IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | **COMPLAINT** |
| AURORA HEALTH CARE, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kelly Beckwith ("Beckwith") and Charlene Helms ("Helms") who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Aurora Health Care, Inc. ("Aurora") discriminated against Beckwith and Helms on the basis of disability in violation of the ADA. As alleged with greater particularity in paragraphs 8-14 below, Aurora withdrew job offers it made to Beckwith and Helms after it learned during post-offer medical examinations that they suffered from disabilities.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference

1

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Aurora, has continuously been incorporated in the State of Wisconsin, and has been doing business in the State of Wisconsin and the Cities of Green Bay, West Bend, and Milwaukee, Wisconsin, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Aurora has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Aurora has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Beckwith filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Aurora. On May 3,

2012, the EEOC issued a determination indicating it found reasonable cause to believe Aurora engaged in discrimination, and invited Beckwith and Defendant Aurora to participate in conciliation efforts. On June 27, 2012, the EEOC informed Defendant Aurora that efforts to secure a conciliation agreement acceptable to the EEOC had been unsuccessful. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June 2009, Defendant Aurora has engaged in unlawful employment practices at its Wisconsin facilities, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (d).

9. In June 2009, Aurora offered Helms a job as a medical transcriptionist in Green Bay, Wisconsin, conditioned on a medical examination. Helms was a qualified individual capable of performing the essential functions of the position with or without accommodation.

10. During the medical examination, Helms disclosed that she had suffered from carpal tunnel syndrome and that she had carpal tunnel surgery in the past. Following the medical examination, however, Aurora withdrew its job offer to Helms claiming that Helms had failed to disclose her carpal tunnel surgery during the medical examination.

11. In September 2009, Aurora offered Beckwith a position as a Registered Nurse Care Coordinator for Home Hospice in Sheboygan and Plymouth, Wisconsin, conditioned on a medical examination. Beckwith was a qualified individual capable of performing the essential functions of the position with or without accommodation.

12. Beckwith suffers from multiple sclerosis, but was asymptomatic at the time of her medical examination and had not been taking medication for her condition. Pursuant to a Medication Reconciliation Policy, Aurora staff members accessed Beckwith's patient records during her medical examination. Beckwith was asked about a prescription that appeared in her

medical records. Beckwith disclosed that that she had been diagnosed with multiple sclerosis, indicated that she had been prescribed the medication to treat that condition but had not been taking the medication, identified her treating neurologist, and signed a release allowing Aurora to obtain medical records relating to her multiple sclerosis. Following the medical examination, however, Aurora withdrew its job offer to Beckwith claiming that Beckwith had failed to disclose her multiple sclerosis and medication for that condition during the medical examination.

13. Aurora used the medical examination, and as to Beckwith it used the Medication Reconciliation Policy, in a manner not in accordance with the ADA in violation of 42 U.S.C. § 12112(d)(3)(C).

14. Aurora discriminated against Beckwith and Helms by refusing to hire them based on their disabilities, their record of disabilities, or because Aurora regarded Beckwith and Helms as disabled in violation of 42 U.S.C. § 12112(a).

15. The effect of the practices complained of in paragraphs 8-14 above has been to deprive Beckwith and Helms of equal employment opportunities and otherwise adversely affect their status as employees, because of their disabilities.

16. The unlawful employment practices complained of in paragraphs 8-14 above were intentional.

17. The unlawful employment practices complained of in paragraphs 8-14 above were done with malice or with reckless indifference to the federally protected rights of Beckwith and Helms.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Aurora, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability in connection with pre-employment medical examinations, and from further use of the Medication Reconciliation Policy in conjunction with pre-employment medical examinations.

B. Order Defendant Aurora to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Aurora to make whole Beckwith and Helms, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu of instatement of Beckwith and Helms.

D. Order Defendant Aurora to make whole Beckwith and Helms by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-14 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Aurora to make whole Beckwith and Helms by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-14 above, including emotional pain, suffering, inconvenience, humiliation and mental anguish, in amounts to be determined at trial.

5

F. Order Defendant Aurora to pay Beckwith and Helms punitive damages for its malicious and reckless conduct, as described in paragraphs 8-14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Dated: 9/26/2012

s/John C. Hendrickson

John C. Hendrickson
Regional Attorney

Dated: 9/26/2012

s/Jean P. Kamp

Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661

(312) 869-8116
jean.kamp@eeoc.gov

Dated: 9/26/2012

s/Jessica A. Palmer-Denig

Jessica A. Palmer-Denig
Attorney for Plaintiff
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 334-4010
Fax: (612) 335-4044
jessica.palmer-denig@eeoc.gov

Camille Monahan
Trial Attorney
Equal Employment Opportunity Commission
Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 800
Milwaukee, WI 53203
Telephone: (414) 297-3548
Fax: (414) 297-3146

ATTORNEYS FOR PLAINTIFF